Blondeau v. Sheridan.

JULES P. BLONDEAU *et al.*, Respondents, v. PATRICK SHERIDAN, Administrator, Appellant.

**Kansas City Court of Appeals, December 7, 1891, and January 18, 1892.**

Covenant for Title: SEIZURE: PARTY WALL: DAMAGES. Judgment affirmed on authority of *Blondeau v. Sheridan*, 81 Mo. 545.

*Appeal from the Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Strong & Mosman*, for appellant.

*Green & Burnes*, for respondent.

GILL, J.—This case originated in the probate court of Buchanan county ; was appealed to the circuit court where a trial was had and judgment rendered for plaintiff ; was then appealed to the supreme court resulting in a reversal of the judgment and remanding to the circuit court for a new trial ; was again tried with judgment for plaintiffs, and defendant has now appealed to this court. For a statement of the nature of the controversy we refer to the opinion by Judge HENRY, speaking for the supreme court, as found in *Blondeau v. Sheridan*, 81 Mo., beginning at page 548.

I. Upon reading this record, together with the opinion in the case when it was heard and decided in the supreme court, we see little, if anything, left for us to say, except that the errors there pointed out were cured on a new trial below, and we must, therefore, affirm the last judgment.

Briefly we may say the facts appear now, just as then ; Hartwig (by mistake printed "*Hasting*" in

Judge HENRY's opinion ) and McGee owned adjoining lots in St. Joseph, Missouri. In 1872, Hartwig erected a building on his lot, and, before constructing the same, secured a written contract from McGee by which he, Hartwig, was permitted to erect a wall of stone and brick on the line dividing the two lots, half of the wall resting on McGee's lot. Subsequently, in the year 1873, McGee by warranty deed conveyed his lot to Mathias Bradley, and thereafter said Bradley conveyed the same to these plaintiffs. In 1875, Hartwig sold and conveyed his lot with building thereon to Lutz. In 1875 the plaintiffs, in the erection of a building on the McGee lot, attempted to use the wall so built on the north side of the lot; but they were stopped by Lutz, who claimed the wall under the agreement between Hartwig and McGee. In order then to get the use of this strip of ground and wall erected thereon ( and which McGee had assumed to convey to their grantor ), plaintiffs were forced to pay and did pay Lutz the half of the reasonable value of the wall. The plaintiffs then brought this suit against the McGee estate, on the covenants in his deed to Bradley, and had judgment for the amount thus paid with interest.

The supreme court held, under this state of facts, that Lutz was possessed of this strip on which Hartwig constructed the wall, by right of title paramount to the claim of the plaintiffs, that Lutz's right was exclusive, and that plaintiffs, as the assignees of McGee's covenant of general warranty in Bradley's favor, had a legal right to recover whatever it cost to remove said outstanding right or title so held by Lutz, not exceeding its reasonable value.

The judgment of the circuit court must be affirmed. All concur.